UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ASHTON SHIVELY,

    Plaintiff,

        v.                        CAUSE NO. 3:25-CV-745-JTM-JEM

MEDINA, et al.,

    Defendants.

OPINION and ORDER

Ashton Shively, a prisoner without a lawyer, filed a complaint against three defendants alleging they violated his Eighth Amendment rights when they subjected him to excessive force at the Miami Correctional Facility. (DE # 1.)[1] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Shively alleges that, on August 21, 2025, Officer Medina escorted him to the medical unit for treatment. (DE # 1 at 2.) He states Officer Medina

---

[1] Shively's complaint is barely legible and difficult to read.

left him in the medical unit with Officers McKoy, McCarty, and Wolthers.[2] *Id*. Shively expected to be treated because he was suicidal but he was told he could not be seen. *Id*. He states the officers dragged him out of the medical unit handcuffed and slammed him to the ground while telling him to stop resisting them even though he was not resisting. *Id*. Shively asserts that Officer McKoy slammed his face into the ground a second time and kneed him in the face, which resulted in his shoulder being dislocated. *Id*. He was left with multiple bruises and his right thumb had no feeling in it. *Id*.

    The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Jails are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). It is important that prisoners follow orders given by guards. *Id*. at 476-77 (citing *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). To compel compliance—especially in

---

[2] Shively has not named Officer Wolthers as a defendant in this case.

situations where officers or other inmates are faced with threats, disruption, or aggression—the use of summary physical force is often warranted. *Id.* at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). That is not to say, however, that such justification exists "every time an inmate is slow to comply with an order." *Lewis*, 581 F.3d at 477. Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Hendrickson*, 589 F.3d at 890. Here, additional fact finding may demonstrate that the force used against Shively was not excessive, but giving him the benefit of the inferences to which he is entitled at this stage of the case, he has stated Eighth Amendment excessive force claims against Officer McKoy and Officer McCarty. However, Shivley has not stated a claim against Officer Medina because Shivley has not alleged that Officer Medina used excessive force against him.

For these reasons, the court:

(1) **GRANTS** Ashton Shively leave to proceed against Officer McKoy and Officer McCarty in their individual capacities for compensatory and punitive damages for using excessive force against him, on August 21, 2025, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Officer Medina;

(4) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Officer McCoy and Officer McCarty at the Indiana Department of Correction, with a copy of this order and the complaint (DE # 1);

(5) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Officer McKoy and Officer McCarty to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: March 2, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

4